UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES CHOATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 4:10cv0803 TCM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is a 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security (the Commissioner), denying the application of Charles Choate for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383b. Pending is the Commissioner's unopposed motion to remand.

Plaintiff applied for SSI in September 2006, alleging a disability caused by a substance abuse disorder and borderline intellectual functioning. Following a hearing, the Administrative Law Judge (ALJ) found the two impairments to be severe but further found that Plaintiff had the residual functional capacity to perform light work of no more than unskilled repetitive tasks. The Appeals Council denied his request for review, thereby adopting the ALJ's adverse decision as the final decision of the Commissioner.

In his brief in support of his complaint, Plaintiff argues that the ALJ erred by failing to find that he met the listing requirement for mental retardation and by considering his credibility. In his pending motion, the Commissioner states that the case will be remanded to the ALJ to analyze the evidence relating to Plaintiff's intelligence quotient (IQ) and to obtain testimony by a vocational expert "to determine the impact, if any, Plaintiff's borderline intellectual functioning would have on his occupational base." (Mot. at 1.)

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[1] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

---

[1] Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**. [Doc. 25]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of March, 2011.